**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re:<br><br>ROSE BAKIS,<br><br>              Debtor | x<br>:<br>:<br>:<br>:<br>:<br>: <br>x | Chapter 13<br><br>Case No. 09-51716 (AHWS) |
| MORTGAGE IN-VEST GROUP, LLC,<br><br>              Movant<br><br>v.<br><br>ROSE BAKIS,<br><br>              Respondent. | x<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x | October 6, 2009 |

***AMENDED*
MOTION FOR RELIEF FROM THE AUTOMATIC AND CO-DEBTOR STAY OR IN
THE ALTERNATIVE FOR CONVERSION OR DISMISSAL**

Mortgage In-Vest Group, LLC ("Mortgage In-Vest" or "Mortgagee"), by its undersigned attorneys, hereby moves for relief from the automatic stay and co-debtor stay pursuant to 11 U.S.C §§362(d) and 1301(c) or, in the alternative, for dismissal or conversion pursuant to 11 U.S.C. §1307(c).

In support of this motion Mortgage In-Vest respectfully represents:

**BACKGROUND**

1.    On August 28, 2009, (the "Petition Date"), the Debtor, Rose Bakis ("Debtor"), filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code

(the "Petition").

2. The Petition was filed one day before the date scheduled for the foreclosure sale of the Debtor's principal residence known as 256 Belltown Road, Stamford, Connecticut (the "Property").

### A. State Court Proceedings

3. Mortgage In-Vest is the holder of the first mortgage against the Property (the "Mortgage") and is the foreclosing mortgagee in a foreclosure action commenced against the Debtor in April 2008 and which is pending in the Superior Court, J.D. of Stamford/Norwalk at Stamford under CV-08-5007262S (the "Foreclosure Action").

4. The Mortgage, which is in the original principal amount of $360,000, is dated September 26, 2006 and is recorded in Volume 8726, Page 116 of the Stamford Land Records, and was given by the Debtor and her spouse John Bakis, to secure a Note dated September 26, 2006 in the principal amount of $360,000 (the "Note").

5. The Note became fully due, and the Mortgage fully matured, in November 2006. The current balance owed on the Note and Mortgage, through September 25, 2009, is $413,265.60, consisting of $360,000 in principal, $47,890.60 in interest from November 1, 2008 to September 25, 2009, and legal fees and other costs in the amount of $5,375.00..

6. On November 10, 2008, a judgment of foreclosure by sale was entered in the Foreclosure Action, whereby a foreclosure sale of the Property was set for January 10, 2009.

7. On December 2, 2008, the Debtor filed a motion to open judgment, requesting a postponement of the foreclosure sale date to May 2009. Mortgage In-Vest did not oppose the motion to open and it was granted by order of the Superior Court entered December 15, 2008.

8. On April 24, 2008, the Debtor filed a second motion to open judgment, requesting yet another postponement of the foreclosure sale. The Superior Court granted this motion and set a new foreclosure sale for August 29, 2009. The Debtor filed the Petition on August 28, 2009, thus automatically staying the foreclosure sale of the Property.

B. **Bankruptcy Proceedings**

9. The Debtor filed a Chapter 13 Plan on September 14, 2009 (the "Plan"). The Plan erroneously takes the position that the "mortgage arrearage" to Mortgage In-Vest is $36,000, when the Mortgage fully matured in November 2006. The Plan proposes to "cure" this arrearage by monthly payments to the Chapter 13 trustee over a period of 60 months (Plan ¶7)

10. The Plan acknowledges there is no equity in the Property for the holder of the second mortgage (the "Hoffman Mortgage"), Burt Hoffman, LLC, by providing that the Hoffman Mortgage will be valued at $0, resulting in a completely unsecured claim in the amount of $25,000 (Plan ¶2B). The Debtor, on her Schedule D, also values the Property at $375,000, which is less than the current balance owed on the Note and Mortgage to Mortgage In-Vest.

11. The Plan also acknowledges $4,000 in past due real estate taxes on the Property, but fails to account for the following judgment liens:

(a) Judgment Lien of Stamford Hospital in the amount of $2,898.25, plus costs, recorded December 12, 2006 in Volume 882, Page 40 of the Stamford Land Records; and

(b) Judgment lien of Capital One in the amount of $1,962.81, plus costs, recorded January 8, 2007 in Volume 8860, Page 216 of the Stamford Land Records.

12. On September 15, 2009, the Debtor filed a Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (the "Chapter 13 Statement"). The Chapter 13 Statement hypothesizes that the monthly income to the Debtor and her spouse will be $6,157.50, the source of which is a jointly owned business known as Hamilton Pizza. This amount of monthly income translates to a joint annual income of $73,890.

**RELIEF REQUESTED**

13. Mortgage In-Vest seeks the following relief from the Court:

a. Relief from the automatic stay pursuant to 11 U.S.C §362(d)(1) and (2) to proceed with the foreclosure sale of the Property;

b. Relief from the co-debtor stay pursuant to 11 U.S.C §1301(c);

c. In the alternative, conversion or dismissal of the Debtor's case pursuant to 11 U.S.C. §1307(c); and

      d.    Prospective, in rem relief from the automatic stay in the event the Debtor or the Debtor's spouse files a future case under Chapter 7, 13 or 11 of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

**A.    Relief from the Automatic and Co-Debtor Stays**

14.    Cause exists to grant relief from the automatic stay in that the Debtor has failed to pay the amount that is fully due under the Note and Mortgage for nearly three years and has commenced this Chapter 13 case on the eve of the foreclosure sale for purposes of delay only and without any reasonable prospect of confirming a Chapter 13 plan.

15.    Because the Mortgage fully matured in November 2006, the most the Debtor may accomplish under Chapter 13 is to provide for payment of the entire amount owed under the Note and Mortgage over no more than a five-year period. See 11 U.S.C §§1322(c)(2), 1325(b)(4); In re Wilcox, 209 BR 181, 183 (Bankr. E.D.N.Y. 1996). The monthly amount necessary to pay a mortgage with a balance of $413,000 over a five-year term, even without interest[1], is $6,883.33 per month, which well exceeds any reasonable estimate of disposable income for the Debtor and her spouse. Cf. In re Gianguzzi, 145 B.R. 792, 794 (Bankr. S.D.N.Y. 1992) (impermissible modification of fully matured home mortgage was ground for relief from the automatic stay).

16.    Mortgage In-Vest lacks adequate protection for its interest in the Property

---

[1]    Interest would be owed in order to comply with 11 U.S.C. §1325(a)(5)(B)(ii).

5

as a result of the failure of the Debtor to make any payments on account of such interest since January 2009 and her failure to pay accruing real estate taxes on the Property

17. The Property has been valued at $375,000 and the Debtor has adopted that value in her bankruptcy schedules.[2] See In re Dispirito, 371 B.R. 695, 698 (Bankr. D.N.J. 2007 ("information contained in a debtor's bankruptcy schedules may be considered an admission."); In re Leonard, 151 B.R. 639, 643 (Bankr. N.D.N.Y. 1992) (listing of amount of debt in schedules is binding judicial admission on debtor); In re Applin, 108 B.R. 253, 257 (Bankr. E.D. Cal. 1989) (value placed on property by debtor in schedules was binding admission and adopted by court on motion for relief from the automatic stay). Since the amount owed on account of the first and second mortgages against the Property well exceeds its value, the Debtor lacks equity in the Property. In addition, the Property is not necessary for an effective reorganization, i.e., a reorganization that has a reasonable possibility of success within a reasonable time. See In re Huggins, 357 B.R. 180, 185 (Bankr. D. Mass. 2006) (applying Timbers formulation of test for relief under §362(d)(2)(B) to Chapter 13 case).

18. The co-debtor stay under §1301(a) should be lifted since the Plan does not propose to pay the Note and Mortgage in accordance with strictures of Chapter 13, Mortgage In-Vest's interest would be irreparably harmed by continuing the stay for the co-debtor and the co-debtor should not have the benefit of a stay if there are grounds to

6

lift the automatic stay as against the Debtor.

**B.    Conversion or Dismissal under 11 U.S.C §1307(c)**

19.    Section 1307(c) provides that a Chapter 13 case may be dismissed or converted for cause, and sets forth non-exclusive examples of what may constitute cause.  A lack of good faith may constitute cause for dismissal or conversion.  In re Rodriguez, 248 BR 16, 18-19 (Bankr. D. Conn. 1999).

20.    The Debtor's filing of a Chapter 13 case on the eve of the foreclosure sale of the Property, after two previous postponements of the sale by the Superior Court (for a total of over seven months' time) and without any reasonable prospect of confirming a Chapter 13 plan, evinces a lack of good faith and establishes cause for dismissal or conversion.

21.    In the event of a dismissal, Mortgage In-Vest requests that dismissal be accompanied by an order granting Mortgage In-Vest prospective relief from the automatic stay.  See In re Felberman, 196 B.R. 678, 683 (Bankr. S.D.N.Y. 1995).

**C.    Prospective Relief from the Stay**

22.    Bankruptcy courts have authority to grant prospective relief from the automatic stay to address "the case of multiple bankruptcy filings by different family members to invoke the protection of the automatic stay and prevent an impending foreclosure on a commonly held property." Felberman, 196 B.R. at 683-84.

---

[2]    The appraisal obtained by the foreclosure committee in the Foreclosure Action valued the Property at $375,000 as of August 3, 2009.  The Debtor adopted that value in her Schedule D – Creditors Holding Secured Claims.

7

23. Mortgage In-Vest submits that such relief is appropriate here as neither the Debtor nor her spouse have any reasonable prospect of preserving the Property under any Chapter of the Bankruptcy Code, such that any future filing by either of them would be solely for the purpose of invoking the protections of the automatic stay to stay the foreclosure sale.

**WHEREFORE**, Mortgage In-Vest respectfully requests relief from the automatic and co-debtor stays or in the alternative, dismissal or conversion, together with an order granting it prospective relief from the automatic stay in the event of a future bankruptcy filing by the Debtor or her spouse.

    Respectfully submitted,
MORTGAGE IN-VEST GROUP, LLC

By: /s/ Irve J. Goldman
    Irve J. Goldman (CT02404)
    Pullman & Comley, LLC
    850 Main Street
    P.O. Box 7006
    Bridgeport, CT  06601-7006
    Telephone:  (203) 330-2000
    Facsimile:  (203) 576-8888
    E-Mail:  igoldman@pullcom.com
    Its Attorneys

Bridgeport/73365.1/IJG/787151v1